**ORIGINAL**

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
APR 11 2005
U.S. DISTRICT COURT

IFP By mail

| United States District Court | District |
|---|---|
| Name Daniel R Cousins | Prisoner No. 00425626 | Case No. 5-212 |

Place of Confinement: Delaware Correction Center, Smyrna, Delaware

Name of Petitioner (include name under which convicted): Daniel Ray Cousins

V.

Name of Respondent (authorized person having custody of petitioner): Thomas Carroll

The Attorney General of the State of: Delaware

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

    Superior Court of Sussex County
    Georgetown, Delaware

2. Date of judgment of conviction

    August 31, 2000

3. Length of sentence  count 0112 - 30 years/susp. after 15 yrs. for 12 mon. level 4 prob. 0113 - 25 yrs/susp after 15yrs, 0114 - 10 yrs/susp. for 10yrs level 3 prob. 0115 - 2yrs susp. for 2yrs level 3 prob.

4. Nature of offense involved (all counts)

    count 1 - 0112 - Rape 1st < 12 (F)
    count 2 - 0113 - Rape 1st < 12 (F)
    count 3 - 0114 - Rape 4th < 16 (F)
    count 4 - 0115 - Unlaw. Sex. Cont. 2 (F)

5. What was your plea? (Check one)
    (a) Not guilty  ☒
    (b) Guilty ☐
    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury ☒
    (b) Judge only ☐

7. Did you testify at the trial?
    Yes ☐  No ☒  At attorney's insistance

8. Did you appeal from the judgment of conviction?
    Yes ☒  No ☐

(2)

AO 241   (Rev. 5/85)

9. If you did appeal, answer the following:
Appeal motion filed 9-6-2000 and refiled once Pro Se on 10-22-02 pursuant to Del.Sup.Ct.
   (a) Name of court crim.R.29(c) requesting review of jury verdict.
Superior Court of Sussex County
   (b) Result
Reviewing justice filed motion but sent to appointed counsel who fail to refile, movant refiled once Pro Se
   (c) Date of result and citation, if known 10-22-02 justice denied refiled motion as untimely
Original filed on 9-6-00 decision on 9-14-00 Refiled 10-22-02 denied on 10-29-02
   (d) Grounds raised
Videotaped deposition of testimony allowed in jury deliberations and cause prejudicial emphasis
Ineffective Assistances of Counsel.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court
Delaware Supreme Court (Direct Appeal filed on     by Appointed Counsel (Appelate)
      (2) Result
Conviction Affirmed

      (3) Date of result and citation, if known
Nov. 2, 2001 - 793 A.2d 1249
      (4) Grounds raised
Improper Prosecutorial Comments

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court

      (2) Result

      (3) Date of result and citation, if known

      (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court
           Superior Court of Sussex County
        (2) Nature of proceeding
           Motion for post-conviction relief
           Filed 9/08/2003

        (3) Grounds raised
           1. Violations of State and Federal Rules of Criminal Procedures
           2. Violatathon's of Due Process by not ruling on pretrial Suppression of evidence motion
           3. Videotaped Depositions of Testimony being viewed during jury deliberations

(3)

AO 241 (Rev. 5/85)

4. Faulty Voir dire on witness competency
5. Prosecutorial misconducts by A) orchestrating the sharing of testimony b) improper comments
6. Multiplicity within the indictments, convictions, and Sentencing
7. Judicial Misconduct improper review of motion for Review of Jury Verdict
8. Ineffective assistance of Counsel
9. Newly discovered Testimony and Evidence
10. Judicial misconduct/Abuse of discretion not hearing and ruling on pretrial motion

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐   No ☒

(5) Result
   motion was denied

(6) Date of result
   11-25-03

(b) As to any second petition, application or motion give the same information:

(1) Name of court
   Delaware State Supreme Court

(2) Name of proceeding
   motion of Appeal for review of Superior Court's decision and request for proper adjudication of Post-Conviction Motion

(3) Grounds raised
1. Reviewing Justice improperly grouped issues deny proper review on each's merits
2. Violations of State and Federal Rules of Criminal Procedures
3. Judicial Misconduct/Abuse of discretion not hearing and ruling on pretrial motions
4. Violations of Presence of defendant during trial Stages
5. improper viewing of videotaped depositions of Testimony during jury deliberations
6. Faulty Voir dire on competency of witness fell short of Judicial Standards
7. Prosecutorial Misconduct - during trial process, A)Sharing of witness test. B) improper comments
8. Multiplicity/double jeopardy within the indictments, convictions, and sentences
9. Judicial misconduct during review of motion for review of jury verdict
10. Ineffective assistance of Counsel   11. Newly discovered Testimony/evidence

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐   No ☒

(5) Result
   motion denied after motion to Affirm by state movant not allowed to respond to State

(6) Date of result
   May 13, 2004

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.      Yes ☒   No ☐
   (2) Second petition, etc.    Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241  (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
Violations of Federal Rules of Criminal Procedure 18 U.S.C. 3509 which were enacted State Rules and Statutes to protect the Constitutional rights of an accused person and issue certain guarantees to do the same. Made more egregious by Extraneous Influence

Supporting FACTS (state *briefly* without citing cases or law):
The Federal Rules of Criminal Procedure held within 18 U.S.C. 3509 issue requirements which protect the Constitutional rights of an accused person and were enacted into State laws, Rules, and Statutes; 11 Del.C. 3511, 3513, and 3507; Del. Supr.Ct.Crim. R. 43(a), 15, and 17; and Del.Supr.Ct.Civ. R. 30.1 through 30.4. These violations were magnified by the use of Videotaped Depositions being allowed into the jury's deliberations so as to inflict prejudicial Emphasis and place the defense at a substantial disadvantage.

B. Ground two:
Judicial Abuses of discretion to allow the functional equivalent of a live witness to testify unsworn over and over in any fashion, within a jury's deliberation denying the accused a fair trial under U.S.C.A. 6

Supporting FACTS (state *briefly* without citing cases or law):
The question of Constitutional law queried herein is whether it was an abuse of discretion for a trial justice to allow and facilitate the functional equivalent of a live witness to enter the sanctity of a jury deliberation and give unsworn testimony in any manner and repeatedly so as to cause prejudicial emphasis on such testimony in order to deny the accused a fair trial violating U.S.C.A. 6. This was also orchestrated to overshadow a direct recantation in sworn in trial testimony.

(5)

AO 241   (Rev. 5/85)

C. Ground three:
Violations of Federal Rules of Criminal Procedure 43(a) which was enacted into State Law under Del. Supr. Ct. Crim.R. 43(a).

Supporting FACTS (state *briefly* without citing cases or law):

Under Federal Rules of Criminal Procedure 43(a) and Del. Supr. Ct. Crim.R. 43(a) the right of presence of the defendant is one of the fundamental of all rights under the U.S. Constitution and were violated during the making of the videotaped deposition of testimony and the prejudicial use of such testimony by the jury during their deliberations

D. Ground four:
Voir dire on the competency of a witness fell well short of judicial standards and therefore acted in a capacity to deny the defendant a fair trial.

Supporting FACTS (state *briefly* without citing cases or law):

It is the assertion of the movant that under Federal Rules of Evidence 601, and Delaware Rule of Evidence 601 that the Voir dire of a witness on competency fell well short of clearly settled judicial standards. And this failure by the court in making a proper determination about whether the complainant had adequate knowledge of the difference between the truth and a lie led to the accused being denied a fair trial.

✳ For Further Grounds See Attached Memorandum of Law

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing

Mark Steiner Esq.
14 the circle 2nd Flr, Georgetown Del 19947

(b) At arraignment and plea

E. Stephen Callaway Esq.
14 the Circle 2nd Floor, Georgetown Del 19947

(6)

AO 241    (Rev. 5/85)

    (c) At trial
    E. Stephen Callaway Esq.
    14 the Circle 2nd Flr., Georgetown, Del. 19947

    (d) At sentencing
    E. Stephen Callaway Esq.
    14 the Circle 2nd Flr., Georgetown, Del. 19947

    (e) On appeal
    Bernard O'Donnell
    Off. of Pub. Def. Carvel State Off. Bldg. 820 N. French St. Wilmington Del 19801

    (f) In any post-conviction proceeding
    Pro Se

    (g) On appeal from any adverse ruling in a post-conviction proceeding
    Pro Se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 7, 2005
Date

_Daniel R Cousins_
Signature of Petitioner

(7)

