IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DANIEL R. COUSINS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-212-JJF |
| | : | |
| **THOMAS L. CARROLL**, Warden, and | : | |
| **M. JANE BRADY**, Attorney General | : | |
| of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

On August 31, 2000, a Superior Court jury convicted the petitioner, Daniel R. Cousins, of two counts of first degree rape, fourth degree rape, and first degree unlawful sexual contact in connection with Cousins's sexual assault of a five-year-old girl. Cousins was sentenced on November 17, 2000 to 30 years in prison followed by probation. The conviction and sentence were affirmed on direct appeal. *Cousins v. State*, No. 558, 2000, 2001 WL 1353571 (Del. Nov. 2, 2001). On September 8, 2003, Cousins applied for state post-conviction relief which the Superior Court denied by order dated November 25, 2003. *State v. Cousins*, ID No. 0002004173 (R1), 2003 WL 22810504 (Del. Super. Nov. 25, 2003). The decision was affirmed on appeal. *Cousins v. State*, No. 593, 2003, 2004 WL 1097700 (Del. May 13, 2004). Cousins's petition is stamped as filed with the Clerk on April 11, 2005, and Cousins indicates April 7, 2005 as the date on which he signed the petition.

Discussion

In the model § 2254 form, Cousins presents four claims: 1) admission of the victim's videotaped statement violated the Federal Rules of Criminal Procedure and various state rules and statutes; 2) the functional equivalent of a live witness (presumably the victim's recorded statement) constituted unsworn testimony which could be repeatedly reviewed by the jury; 3) Federal Rule of Criminal Procedure 43(a) was violated because Cousins was not present when the victim's statement was videotaped; 4) the trial court abused its discretion and violated state and federal evidentiary rules because the *voir dire* of the victim was inadequate to establish competency to testify. Cousins's petition should be dismissed under the one-year limitations period of 28 U.S.C. § 2244(d)(1).

Under § 2244(d), federal habeas petitions filed by state prisoners must generally be filed within one year of the date on which the state court judgment became final upon the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). Under the terms of paragraph (A), the limitations period in Cousins's case began to run on January 31, 2002, when the time expired for seeking review by the United States Supreme Court of the state supreme court's order determining the direct appeal. *See* U.S. SUPR. CT. R. 13.1 (petition for writ of *certiorari* to review judgment entered by a state court of last resort must be filed within 90 days after entry of judgment); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). The petition, to be timely under § 2244(d), thus had to be filed by January 31, 2003.

Accordingly, Cousins's petition, when deemed filed on April 7, 2005,[1] is untimely under § 2244(d) and must be dismissed. *See*, *e.g.*, *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

In turn, the tolling mechanism of § 2244(d)(2) does not save this federal habeas action from the limitations period. If applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state post-conviction action is pending in the state courts. Cousins filed an application for state post-conviction relief on September 8, 2003, at which point some 19 months and eight days had already passed on the limitations period. It is well-settled, however, that the filing of a state post-conviction action does not revive the limitations period. *See, e.g.*, *Woods*, 215 F. Supp. 2d at 461-62. Thus, the state post-conviction filing did not restart the one-year limitations period. *See Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004) (properly filed state post-conviction motion can only toll federal habeas limitations period if the motion itself is filed within the one-year limitations period). Further, even assuming that the limitations period was tolled from September 8, 2003 until May 13, 2004 during the state post-conviction proceedings, the petition is still untimely. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (recognizing that, unlike § 2244(d)(1), the tolling provision of § 2244(d)(2) does not contemplate the 90-day period for seeking a writ of *certiorari*); *Swartz v. Meyers*, 204 F.3d 417, 421-22 & n. 5 (3d Cir. 2000); *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir. 1998). Using the earliest date indicated in the petition, i.e., the signature page dated April 7, 2005,

---

[1] Absent proof of mailing, the Court has indicated that it will treat the date listed on the petition as the presumptive filing date. *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

an additional period of some 10 months and 25 days ran from the end of the state post-conviction proceedings until Cousins filed the petition.  In sum, an aggregate period of at least 30 months (or two-and-a-half years) elapsed to which the tolling provision of § 2244(d)(2) did not apply.  Because Cousins's petition was filed well beyond the one-year period allowed by § 2244(d)(1), it follows that the petition is untimely under § 2244(d), and the petition should be dismissed as untimely.

Finally, the one-year limitations period in this case is not subject to equitable tolling. *See*, *e.g.*, *Downes*, 348 F. Supp. 2d at 302; *Woods*, 215 F. Supp. 2d at 462-63.  Cousins has not articulated any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner.  As evidenced by the proceedings in the state courts, Cousins was capable of formulating issues and preparing documents for submission to the courts.  Cousins litigated the state post-conviction proceedings *pro se* which included an appeal to the state supreme court.  Under the equitable tolling doctrine, Cousins would bear the burden of demonstrating 1) that he has pursued his rights diligently; and 2) that some extraordinary circumstance prevented him from asserting his rights. *See Woods*, 215 F. Supp. 2d at 462.  Cousins has not demonstrated either circumstance, and the petition is time barred under § 2244(d).

Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Cousins's trial (Volumes A, B and C) have been prepared. In the event that the Court directs production of any transcript, the respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ _____
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID No. 3278
*ThomasE.Brown@state.de.us*

Date: July 20, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on July 20, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on July 20, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

    Daniel R. Cousins (No. 00425626)
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977.

/s/
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: July 20, 2005