In the United States District Court
for the District of Delaware

Daniel Cousins #425626
    Petitioner,

                                             Civ. Act. No. 05-212-JJF

    v.

Thomas L. Carroll, Warden D.C.C.,
and M. Jane Brady Attorney General
of the State of Delaware,
    Respondents.



Reply Brief

    This is a Reply Brief in Support of the application for Habeas Corpus relief and attached memorandum of law in Civ. Act. No. 05-212-JJF as well as addressing the arguments made in the State's answer brief.

    When reading the answer brief filed by the State it becomes apparent that the State's Attorney failed to read the merits of the issues housed within the memorandum. On page 2 of that answer the counsel merely lists the four grounds held in the application alone. This disinterest on behalf of the State's Attorney shows gross neglect by not showing any ample reason for the constitutional violations perpetuated by the Courts and it's officers in order to secure a conviction against the accused. As stated in subsection (a) "The Supreme Court, a justice thereof, a circuit judge or a district Court shall entertain an application for Writ of Habea Corpus in behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. The applicant has shown that the issues mentioned and argued are clearly violative of the Rules, Laws, and the constitutional Rights of the United States put in place to protect the rights of it's citizenry. The petitioner has also exhibited copies of precident case law in which the Supreme Court renders opinions and judgements about such violations. In examining the circumstances under which the Habeas Corpus jurisdiction of the federal courts should be used to reexamine the merits of federal questions decided against in State Criminal proceedings, Institutional considerations support the taking of jurisdiction when the State Courts fail to provide a satisfactory process of review for deciding federal constitutional questions of violations to the United State's Constitution, the laws, or treaties of Such. Within the memorandum of law the movant addresses the instances in which the State Courts and it's judicial officers neglected to properly review the violations

of State and Federal laws and Rules of criminal procedures as well as the inalienable rights granted and protected by the U.S. Constitution. An application under Habeas Corpus should be and is reviewable by the Federal Courts when addressing federal constitutional questions in need of redetermination even if fully and fairly litigated in the State Courts and concludes that that decision has not been justified or ruled upon properly. see Brown v. Allen 334 U.S. 443 (1953), also 28 U.S.C. 2241. The existence, notorious and oft-exhibited, of grave inadequacies in the States' criminal procedures but original and post-conviction makes the federal Habeas Corpus jurisdiction a present necessity. The answer that first suggests itself is that one is held in violation of federal law whenever the State Court has violated Constitutional rights or erroneously decided federal questions bearing dispositively on the judgement authorizing the detention. This being the case the proper jurisdiction of and for review can be tersely summarized to test the merits of every dispositive Federal question in the case. What must be noted, is inescapable that no detention can ever be finally determined to be lawful if the legality turns on freedom from errors of either fact or law when that error alleges the court failed to protect the constitutional rights of an accused or passes on properly determining legality of the merits during any proceeding whether those leading to the conviction or on appeal, especially when in the interest of justice. The Leyra Case is conclusive justification for Habeas Corpus jurisdiction; after all Leyra's rights had in fact been violated, as in the instant case, and if institutional arrangements had permitted that original judgement to stand a man would have been convicted in violation of his constitutional rights. The purpose of the guarantees of due process and equal protection in the ultimate is to protect against wrongful convictions. see People v. Leyra 134 N.E. ed 475, and Reitz federal Habeas Corpus: post-conviction remedy for State prisoners 108 U.Pa.L. Rev. 461.

  Important functional and ethical purposes are served by appelate review by the federal courts as a unitary system for the system of appellate review serves as a functional and fundamental institution whose purpose is not only corrections of errors in findings of clearly settled facts or laws in a particular case but also provides authoritative and uniform pronouncements of ~~federal~~ the constitutionality of laws or practices of that jurisdiction; similarly, recourse in the federal system, once an exhaustion of all State remedies has been pursued, provides the State Court with authoritative and uniform pronouncements of federal laws and the protection of Constitutional rights. Just as in the instant case Binder set clearly settled laws of the United States and Micheals adopted the stance within the third circuit this movant is attempting to bring these protections of Constitutional rights to the state proceedings while stopping this state from continuing to violate person's rights in this manner. See Binder v. U.S. 769 F.ed 595, State v.

micheals 625 A.2d 489. A fair trial and due process issues specifically are raised herein raising federal questions arising from a State criminal case praying for adequate review of the merits while requesting a determination granting one authoritative voice pronouncing uniform federal law and the protections afforded. Therefore the court should entertain and consider this case and it's merits.

As stated in 28 U.S.C. 2254(b)(1) an application for a writ of Habeas Corpus on behalf of a person in custody pursuant to the judgement of a state court shall not be granted unless it appears that —, and now citing (A) the applicant has exhausted the remedies available in the courts of the State. OF which the petitioner has taken great care in doing so as not to be denied proper review within the federal court system should the need arise, to include as shown on the docket sheet, filing a second motion pursuant to Del. Supr.Ct.Crim.R. 29(c) motion for review of jury verdict, once able to act Pro Se since appointed counsel failed to resubmit a motion filed by the movant to secure timely motioning and sent to trial counsel by the justice stating since accused was represented by counsel all motion must come from them, see ineffective claims. The movant also filed a timely post-conviction motion to the Superior Court and subsequent appeal to the State Supreme Court. These include claims that appointed appellate counsel refused to raise or could not raise because trial counsel worked for the same office.

The State's Attorney wishes this court to believe and rule that this motion is summarily time barred, this is simply not the case. The movant filed several motions attempting to gain proper, adequate, and fair reviews in accordance with federal, State, and Constitutional laws. The movant was forced to prepare all documentation, research all pertinent research and case law Pro Se, and filed all motions thereof properly and in a timely manner in accordance with the rules of post-conviction motions within the State of record. The Supreme Court has ruled that a properly filed state post-conviction would and does toll the one year limitation period for filing a Habeas petition, See Gonzalez v. Crosby 125 S.Ct. 2641, and Artuz v. Bennett 121 S.Ct. 361

Cousins exhibited in the appendix of the attached memorandum of law which accompanied the Habeas application and again exhibits a State determination of finality dated May 13, 2004. This document is important and in fact crucial as it closes out a movant's exhaustion of State Remedies. see 28 U.S.C. 2244(d)(2). It begs credence when the movant has diligently pursued avenues of review, and when justice would be best served by that review. As shown in Gonzalez v. Crosby 125 S.Ct. 2641.

The movant has also asserted that the reasoning for the need of application is that the State Courts have refused to give a fair and adequate review of the issues and arguments on thier merits which were violative of clearly settled federal and Constitutional laws. This the petitioner asserts was

a direct result of the movant's addressing claims of judicial Abuses of discretion and judicial misconducts. Since Cousins determination of finality was handed down and dated May 13, 2004 for the petitioner to file his application, memorandum of law, and attached appendix dated April 7, 2005 for Habeas review he is therefore within the one year limitation of time and thereby combined with the fact of Constitutional violations in decisions and appeals and need of true justice. For purposes of 2254 (d) this movant has explicitly shown that the decisions rendered by the State Courts are contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States as used in 2244 (b) and thereto asserts a federal basis for relief from a State Court's judgement of conviction. See Binder v. U.S. 769 F.ed 595, 600 and State v. Micheals 625 A.ed 489, also Gonzalez v. Crosby 125 S.Ct. 2641.

    The movant has asserted and shown "extraordinary circumstances" justifying review by advancing claims where the State Court's and the justices thereof failed to adhere to clearly settled federal law and Constitutional laws and protections, See Ackermann v. U.S. 71 S.Ct. 209, Liljeberg v. U.S. 108 S.Ct. 2194. The State of Delaware allows 3 years for the proper filing of a post-conviction, this is important because a movant must proceed without the assistance of appointed counsel, and must raise issue and claims not raised by the appelate counsel on direct appeal especially when that counsel refuses to raise valid claims for relief, researching violations of and within the appeals process, and exploring Newly discovered evidence for review. The movant has shown clearly and concisely by exhibiting the docket sheet of this case where Cousins has diligently pursued and exhausted all available State remedies to include those which the justices' actions should have preserved further review once able to file motions on his own behalf. The State's attorney fails to recognize that the movant pursued his rights to review in accordance with Del. Supr. Ct. Crim. R. 29 (c). Since the petitioner has no formal legal training and the law library are given instructions to give limited assistance the movants must take care to be timely in accordance to the laws, rules, and statutes but must also exhaust all available remedies so as not to be procedurally barred. Cousins has displayed in the merits of the memorandum that appellate counsel failed to raise legitimate issues for relief. See correspondences of Appellate counsel within memorandum's appendix. As stated in the DC beginning the State's attorney being uninformed due to his lack of reading and reviewing the memorandum and it's appendix leads him to wrongfully argue these points of issue.

    The points of contention herein were stated in the memorandum and only expounded upon because of counsel's attempt to negate a fair review of the issues upon the merits addressed showing that the State courts have acted wrongfully, and maliciously in not protecting the Constitutional rights of an accused and not applying clearly settled federal laws, rules, and

decisions for such within the State courts. These issues raised, ~~raised~~ attack the very fundamental legality, reliability, integrity, and fairness of the proceedings leading to the conviction as they undermined the Constitutional rights of the accused. Also pressing upon the fact that proper review of such issues was not only denied but maliciously hindered by the appellate justices. If these are not "extraordinary circumstances" then none so exist. The movant has also displayed the fact in the appendixs of all past motions that appointed appellate counsel's lolly-gagging in sending the transcripts to the movant after direct appeal and apologizing for not informing the client of affirmation for two months. The movant has also shown the facts underlying the claims would be sufficient to establish by clear and convincing evidence that but for the Constitutional errors, no reasonable factfinder would have found the petitioner guilty of the underlying offenses charged.

  For these reasons and the merits of expressed within the memorandum of law the movant respectfully requests a full and fair review of the issues on thier merits. The petitioner is certain that when given a proper review this honorable court will render a decision in favor of the standards set forth by the United States Supreme Court. It is the hope of the movant that this honorable court notice that the violations egregiously affected the Constitutional rights of the accused which in the interest of justice overrides any limitation of time especially when the violations, and decisions on appeals go against clearly settled federal laws, Rules, Statutes, Standards, and protections. The movant has demonstrated the following; (A) That he has diligently pursued proper review (B) He filed a "properly filed" motion for review of jury verdict pursuant to Del. Supr. Ct. Crim. R. 29(c) and a second filing under that statute to exhaust the possibility that the justice and counsel's actions and lack thereof may have preserved the right to such, followed by a proper and timely post-conviction motion pursuant to Del. Supr. Ct. Crim. R. 61 which also included a portion pursuant to Del. Supr. Ct. Crim. R. 33 Newly Discovered Evidence once the circumstances matured, which toll the time for filing Habeas Review motion., (C) fundamental violations of the Constitutional Rights of an accused, (D) Decisions during trial and upon appeals that were contrary to or involved unreasonable application of clearly settled and established federal laws, Rules, and Statutes as well as the precidents determined by the United States Supreme Court, and (E) the facts underlying the claims are sufficient to establish by clear and convincing evidence that but for the Constitutional errors, no reasonable factfinder would have found the applicant guilty of the offenses charged. For these reasons this motion should be considered as timely and proper, but beyond this the motion begs review in the interest of justice as stated repeatedly during the arguments of the memorandum of law.

# Certificate of Service

I, Daniel R Cousins 425626 hereby certify that I have served a true and correct cop(ies) of the attached: Reply Brief _____ upon the following parties/person (s):

TO: Clerk of the Court For District Court of Delaware

Wilmington Del

TO: Warden Thomas Carroll 1181 Paddock Rd Smyrna Del 19977

TO: M. Jane Brady Attorney General of Delaware 820 N. French St Wilmington Del

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 2nd day of August _____, 2005



I/M D. Cousins
SBI# 426626  UNIT ZZ 15-U-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Clerk of the Court
for District Court of Delaware
844 N. King St Lockbox 18
Wilmington Del
19801