IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL R. COUSINS,                :
                                  :
         Petitioner,              :
                                  :
v.                                :   Civil Action No. 05-212-JJF
                                  :
THOMAS L. CARROLL,                :
Warden,                           :
and CARL C. DANBERG,              :
Attorney General                  :
of the State of                   :
Delaware,                         :
                                  :
         Respondents.             :

---

Daniel R. Cousins.  Pro Se Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**

May 19, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner Daniel R. Cousins. (D.I. 2; D.I. 3.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Evidence at Petitioner's jury trial demonstrated that Petitioner sexually assaulted a five year old girl. The victim, her grandmother and custodian, a pediatrician, and a nurse each testified as to the sexual abuse. Although Petitioner did not testify, his fiancé and her mother testified in his defense. Cousins v. State, 793 A.2d 1249 (Table), 2001 WL 1353571 (Del. Nov. 2, 2001).

On August 31, 2000, a Delaware Superior Court jury convicted Petitioner of two counts of first degree rape, fourth degree rape, and first degree unlawful sexual contact. On November 17, 2000, the Superior Court sentenced Petitioner to thirty years in prison followed by probation. Id. The Delaware Supreme Court affirmed Petitioner's conviction and sentence. Id.

On September 8, 2003, Petitioner filed a motion for post-conviction pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on May 14, 2004.

1

State v. Cousins, 2003 WL 22810504 (Del. Super. Ct. Nov. 25, 2003); Cousins v. State, 2004 WL 1097700 (Del. May 13, 2004).

In April 2005, Petitioner filed the instant habeas petition and a supporting memorandum under 28 U.S.C. § 2254. (D.I. 2; D.I. 3.) Petitioner asserts the following grounds for relief: (1) admission of the victim's videotaped statement violated the Federal Rules of Criminal Procedure and various state rules and statutes; (2) the functional equivalent of a live witness (presumably the victim's recorded statement) constituted unsworn testimony which could be repeatedly viewed by the jury in violation of Petitioner's Sixth Amendment right to a fair trial; (3) the fact that Petitioner was not present when the victim's statement was videotaped violated Federal Rule of Criminal Procedure 43(a); (4) the trial court abused its discretion on voir dire in determining the victim's competency to testify; (5) two claims alleging prosecutorial misconduct; (6) Petitioner's right against double jeopardy was violated; (7) the Superior Court abused its discretion in denying Petitioner's Rule 29 motion for acquittal; (8) trial and appellate counsel provided ineffective assistance of counsel; and (9) the Superior Court should have conducted an evidentiary hearing regarding Petitioner's Rule 61 motion. (D.I. 2; D.I. 3.)

Respondents have filed an Answer to the Petition requesting the Court dismiss the Petition as untimely. (D.I. 11.)

2

Petitioner has filed a Reply to the Respondent's Answer. (D.I. 16.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, dated April 7, 2005, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not

3

allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final" and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [ninety-day] time [period] for seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on November 2, 2001. Consequently, Petitioner's conviction became final ninety days thereafter, on January 31, 2002. Applying the one-year limitations period from this date, Petitioner was required to file his Petition by January 31, 2003. See Wilson v. Beard, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

Petitioner did not file the instant Petition until April 7, 2005.[1] Therefore, the Court concludes the Petition is time-

---

[1] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d

4

barred, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Procedural requirements include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). A "properly filed" state post-conviction application will only toll the AEDPA's limitations period if it was filed and pending before the expiration of the AEDPA's limitations period.

---

Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, April 7, 2005, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

5

See <u>Price v. Taylor</u>, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Petitioner properly filed an application for state post-conviction relief pursuant to Rule 61 on September 8, 2003. The Rule 61 motion was timely filed under state rules. Nevertheless, Petitioner's Rule 61 motion has no statutory tolling effect on the instant proceeding because it was filed approximately six months after the AEDPA's limitations period expired.

Additionally, in his Reply, Petitioner appears to contend that his Motion For Acquittal filed pursuant to Delaware Superior Court Criminal Rule statutorily tolls the limitations period. Presuming without analysis that a Rule 29 motion for acquittal constitutes a state application for post-conviction review under § 2254(d)(2),[2] the Rule 29 motion would only act to extend the AEDPA's limitations period by five days.[3] Yet, because Petitioner filed the Petition more than two years too late, a five-day extension fails to render the Petition timely filed.

Accordingly, statutory tolling does not save the Petition.

**C. Equitable Tolling**

---

[2] The Court will not address this issue because the Petition is time-barred even if the Rule 29 motion statutorily tolls the limitations period.

[3] Petitioner filed the Rule 29 motion on October 22, 2002, and the Superior Court denied it on October 27, 2002. (D.I. 15, Del. Super. Ct. Crim. Dkt. in <u>State v. Cousins</u>, Crim. A. No. IS00020112r1 through IS00020115r1, Entry Nos. 55 and 56.)

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).  In order to trigger equitable tolling, Petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

In his Reply, Petitioner argues that equitable tolling is warranted because he diligently pursued his state court remedies and because he represented himself during the state post-conviction process.  (D.I. 16.)  However, Petitioner does not explain his failure to comply with the AEDPA's limitations period, and the Court cannot discern any extraordinary

7

circumstance that prevented him from timely filing his Petition. Additionally, a petitioner's <u>pro se</u> status and alleged lack of legal knowledge do not constitute extraordinary circumstances sufficient to warrant equitable tolling. See <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005)(a petitioner's self-representation on direct appeal did not constitute extraordinary circumstance warranting the equitable tolling of AEDPA's limitations period absent a showing of some causal connection between self-representation and the delay in filing a timely habeas petition); <u>Evans v. Carroll</u>, 2005 WL 196554, at *4 (D. Del. Jan. 19, 2005)(collecting cases); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

To the extent Petitioner made a mistake or miscalculation regarding the one-year period, the Court concludes that such mistakes are insufficient to justify equitable tolling. See <u>Simpson v. Snyder</u>, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

Accordingly, the Court will dismiss the Petition as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a

certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**IV. CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2; D.I. 3.)

An appropriate Order will be entered.