IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL R. COUSINS,                          :
                                            :
              Petitioner,                   :
                                            :
       v.                                   :       Civ. A. No. 05-212-LPS
                                            :
PERRY PHELPS, Warden, and JOSEPH            :
R. BIDEN, III, Attorney General             :
of the State of Delaware,                   :
                                            :
              Respondents.                  :

## MEMORANDUM

### I.    INTRODUCTION

Pending before the Court is Petitioner Daniel R. Cousins' ("Petitioner") Motion to

Amend his Pleading, which the Court construes as a Motion for Reconsideration Filed Pursuant

to Federal Rules of Civil Procedure 59(e) and 60(b) regarding the dismissal of his time-barred

Application for habeas relief.[1]  (D.I. 23)  For the reasons discussed, the Court will deny the

Motion for Reconsideration.

### II.   BACKGROUND

In 2005, Petitioner filed an Application for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, seeking relief from his Delaware state convictions for first degree rape, fourth degree

rape, and first degree unlawful sexual contact.  (D.I. 2; D.I. 3)  The Application asserted nine

grounds for relief.  On May 19, 2006, the Honorable Joseph J. Farnan, Jr. denied the Application

---

[1]Although the Motion is titled "Motion to Amend Pleading," Petitioner explicitly states
that he "is filing the accompanying motion under Rules 59(e) and 60(b) as a primary alternative
to the District Court accepting and ruling on the Habeas Corpus motion which he files more as a
motion to reconsider and correct clear errors of law."  (D.I. 23 at 5)

after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 17; D.I. 18) Petitioner appealed that decision. In December, 2006, the Court of Appeals declined to issue a certificate of appealability and terminated the appeal. (D.I. 22) Petitioner filed the instant Motion for Reconsideration in April, 2012. (D.I. 23)

## III.   STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances, *see Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for

reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## IV.    DISCUSSION

Petitioner filed the instant Motion for Reconsideration almost six years after his habeas Application was denied. Therefore, to the extent the Motion is filed pursuant to Rule 59(e), it is clearly time-barred. *See* Fed. R. Civ. P. 59(e) ("[A] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To the extent the Motion is filed pursuant to Rule 60(b), the Court must first determine if the Motion constitutes a "true" motion for reconsideration, or if it constitutes a second or successive habeas application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

In his Motion, Petitioner asserts that the Delaware trial court violated his fundamental constitutional rights and that defense counsel provided ineffective assistance. These arguments do not challenge the manner in which Petitioner's § 2254 Application was denied but, rather, they collaterally attack his underlying conviction. The Court also notes that Petitioner raised variations of these same arguments in his previously-denied § 2254 Application. For these reasons, the Court concludes that the instant Rule 60(b) Motion is a second or successive § 2254

3

application. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). In turn, absent such authorization, a district court cannot consider the merits of a subsequent application. *See id.*; *see also Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). The record reveals that Petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant Motion. Accordingly, the Court will dismiss Petitioner's Motion/second or successive habeas application for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding when second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

In addition, even if the Court were to treat the Rule 60(b) Motion as a true motion for reconsideration rather than as a second or successive habeas application, the Motion was not filed "within a reasonable time" of the decision being contested. *See* Fed. R. Civ. P. 60(b)(6). The Honorable Joseph J. Farnan, Jr. denied Petitioner's habeas Application on May 19, 2006, and the Third Circuit denied his request for a certificate of appealability on December 14, 2006. Petitioner, however, did not file the instant Rule 60(b) Motion until April 16, 2012, and he has not provided a compelling justification for this long delay. Therefore, the Motion is untimely. *See Moolenaar*, 822 F.2d at 1348 (finding Rule 60(b)(6) motion brought after almost two year delay to be untimely).

Accordingly, Petitioner has failed to present the Court with any reason to conclude that it should reconsider the denial of his 2005 habeas Application.

4

## V.    CONCLUSION

For the above reasons, the Court will dismiss the instant Motion for Reconsideration for

lack of jurisdiction because it constitutes a second or successive habeas application under 28

U.S.C. § 2244.  Alternatively, the Motion is time-barred under Rules 59(e) and 60(b)(6).  The

Court also declines to issue a certificate of appealability because Petitioner has failed to make a

"substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also*

*United States v. Eyer*, 113 F.3d 470 (3d Cir.  1997); 3d Cir. LAR 22.2 (2011).  A separate Order

will be entered.

Dated: February 27, 2013

_____
UNITED STATES DISTRICT JUDGE

5